Birchard, J.
The suit below was an amicable action of debt apon a joint and several bond, executed by plaintiff and others, to which was attached a power'of attorney, authorizing any attorney "of record in this state to appear in any court of this state, with or without process, “at the suit of the president, directors, and company of the Belmont Bank of St. Clairsville, upon the said bond, at any time after the same shall become payable, and confess judgment for the sum due, with two and a half per cent, attorney’s fees.”
The charter of the Belmont Bank expired on January 1, 1843. After the bond fell due, on April 26, 1843, the- agent of the trustees served a notice, agreeably to the provisions of the statute, of his intended motion to enter up judgment upon the bond, at the May term, 1843, and judgment was accordingly entered for the sum due, and two and a half per cent, attorney’sf'ees.
The following are assigned for error:
1. That the warrant was not an authority for the attorney to-confess judgment in favor of the trustees.
2. That the trustees could not sue by their collective name.
3. It was erroneous to include the attorney’s fees.
The case of the State of Ohio v. Taylor, 10 Ohio, 378; of Shelton v. Gill, 11 Ohio, 417, and Spalding v. The Bank of Muskingum, 12 Ohio, 544, settle the principle that an agreement to pay a percentage as collection fees, in addition to the legal rate of interest, is against public policy, and void. With those decisions wo are satisfied. It follows that this judgment was erroneous, and the third error well assigned.
The validity of the second assignment depends upon a con *225 struotion of section 14 of the act, passed March *7, 1842. 40 Ohio L. 72. This section provides that upon the dissolution of a corporation, the directors acting last before the time of its dissolution, and the survivors of them, unless otherwise provided for by legislative enactment, or by'some court of competent authority, shall be the trustees of the creditors and stockholders of the corporation dissolved, “and the persons so constituted trustees shall have authority to sue for, and recover the debts and property of the dissolved corporation, by the name of the trustees of such corporation, describing it by its corporate name.” If it be fair ttt interpret this language according to its common acceptation, there would seem to be little room left for argument against the right to maintain this suit in the name in which it was brought. Had the legislature designed that the names of the several directors should be used, specifying that they were trustees, would they not have employed different and more apt words to convey that meaning? Certainly they would. It may be admitted that inconveniences may arise from allowing a collective name to be used, instead of the individual names of the directors. Doubtless the legislature considered all questions of this nature, and balanced the evils of permitting suit in a particular name, against those which might arise from requiring, in all cases, the names of numerous directors. Be that as it may, arguments from inconvenience can have no effect to vary the interpretation of words of plain and natural meaning.
Upon the point first assigned for error, the inclination of my own mind is, that it is well taken, and for the reason stated by plaintiff’s counsel. Tet my brethren are all of a different opinion-The reason upon which they instruct me to place their opinion is, that the operative effect of the act of March 7, 1843, is to keep alive, substantially, so far as this debt was concerned, the original corporation ; that this suit is, substantially, a suit of the corporation, and that therefore the authority contained in the power was ample to justify the entry of an appearance and the confession of a proper judgment. On the first ground judgment will be reversed. Judgment accordingly,